OLIVER, APPELLANT, v. THE REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Regarding the Admission to Record of a Deed of Sale.

No. 237.—Decided July 8, 1915.

ATTACHMENT—SALE OF PROPERTY—WARNING—PRESUMPTION.—When it is not shown by the record of an attachment as it appears in the registry that the defendant was given the warning prescribed by section 9 of the act to secure the effectiveness of judgments of March 1, 1902, the registrar is not justified in presuming that the said warning had been given and, therefore, that the owner of the attached property was prohibited from selling the same except at public auction.

ID.—SALE OF PROPERTY.—In accordance with the general principles of the civil and mortgage law, an attached property may be sold in any manner by its owner, without prejudice, of course, to the rights of the person in whose favor the attachment is recorded.

ID.—SALE OF PROPERTY.—The special prohibition contained in section 9 of the act to secure the effectiveness of judgments of March 1, 1902, requires that the owner of the attached property shall be specially notified and if such notice is not given and the plaintiff simply records the attachment in the registry, believing that this is sufficient to safeguard his right, the owner of the attached property may proceed under the general laws governing the matter and consequently sell said property without being bound to resort to a public auction.

ID.—SALE OF PROPERTY—RECORD OF ATTACHMENT—PROHIBITION TO ALIENATE.—Unless the prohibition to alienate referred to in the act to secure the effectiveness of judgments appears in the registry, the registrar is not empowered to refuse to record a deed setting forth with all the formalities required by law the bargain and sale of real property attached to secure the effectiveness of the judgment which may be rendered in a civil action on the sole ground that the said sale was not made at public auction.

The facts are stated in the opinion.

*Mr. Felix Santoni* for the appellant.

Mr. Felipe Cuchí Arnau, the registrar, appeared *pro se.*

MR. JUSTICE DEL TORO delivered the opinion of the court.

Deed of sale No. 16, to convey several common interests in four rural properties with right of redemption, executed by Francisca López and others in favor of Andrés Oliver, was presented in the Registry of Property of Arecibo and the registrar refused to admit the same to record as to the

common interests in one of the properties for the reasons stated in the following decision, from which this administrative appeal was taken:

"The foregoing document is admitted to record as to the bargain and sale of the common interests in the properties described under letters A, C and D, as indicated by the notes placed on the margin of the descriptions of the properties, and is denied admission to record as regards the joint interests in the property described under letter B, because this property appears to have been attached by L. Arzuaga & Company in an action of debt brought by them in the Municipal Court of Manatí against the Succession óf Ambrosio Arrigoitía, said attachment having been levied in accordance with the act to secure the effectiveness of judgments, approved March 1, 1902, which provides that the owner cannot alienate the property attached except at public auction and after notice to the plaintiff. This being an incurable defect, pursuant to the Act of March 1, 1902, a cautionary notice has been entered to take effect for the legal period of 120 days, etc."

The attachment to which the registrar refers was recorded in the registry as follows:

"B. RURAL. Property described in its first record, similar to the document now presented, in which it is stated that the twelve *cuerdas* of which it is composed are equivalent to four hectares, seventy-one ares and sixty-five centares. It is unencumbered and by the first record its ownership is recorded in favor of the Succession of Ambrosio Arrigoitía consisting of his widow, Francisca López, and his legitimate children Benito Ambrosio, María Providencia, Gregorio Manuel Alberto, Blanca Rosario, José Ceferino, Catalina and Francisco José Arrigoitía y López. In an action of debt brought by L. Arzuaga & Company in the Municipal Court for the Municipal Judicial District of Manatí against the said Succession of Arrigoitía, the said property was attached to secure the effectiveness of the judgment, it being liable for the payment of $65 as principal and $25 as estimated costs, and it was ordered that a cautionary notice of said attachment be entered. By virtue thereof a cautionary notice of the attachment of the said property was entered in favor of L. Arzuaga & Company. This is shown by a notice issued in duplicate on April 14 by A. Rodríguez Santana, marshal of the said municipal court, and presented in this registry on April 15 at 8.15 a. m., according to entry No. 342

on the reverse side of page 127 of volume 32 of the Journal, one of the copies being numbered 24 and filed in file 86 of Judicial Orders. And the foregoing being in conformity with the records of the registry and the said document, I sign the same in Arecibo this nineteenth day of April, 1913.    José Marcial López.''

Section 9 of the Act to secure the effectiveness of judgments, cited by the registrar, reads as follows:

''*Sección 9.—(377)—El embargo y prohibición de enajenar inmuebles se efectuarán anotándolos en el registro de la propiedad y notificándolos al demandado, con la prevención de que no podrá enajenar los bienes embargados sino en pública subasta, con citación del demandante, quedando el precio consignado a disposición del tribunal, ni enajenar en ningún caso los bienes en que haya recaído la prohibición. La enajenación de dichos bienes realizada en contravención a lo dispuesto en este artículo se reputará fraudulenta para todos los efectos civiles y penales, y las personas responsables del fraude serán castigadas además como culpables de desacato (desobediencia).*''

The English text of the said act reads as follows:

''Section 9.—(377)—The attachment and order prohibiting the alienation of real property shall be recorded in the registry of property, the court notifying the defendant thereof, and warning him that he cannot alienate the property attached except at public auction and after notice shall have been given to the plaintiff to be present at the sale, the proceeds of such sale to be deposited subject to the order of the court; nor can the defendant alienate, in any case, the property on which a prohibition has been decreed. The alienation of any property in contravention of the provisions of this section, shall be deemed fraudulent for all civil and penal purposes, and the persons guilty of such offense shall also be punished for contempt of court.''

From what we have been able to observe from the record of the attachment as it appears in the registry, it does not show that the defendant was given the warning prescribed by the Act to secure the effectiveness of judgments. This, being the case, was the registrar justified in presuming that the said warning had been given and that therefore the owner

of the attached property was prohibited from alienating the property except at public auction? In our opinion he was not.

In accordance with the general principles of our civil and mortgage law, an attached property may be sold in any manner by its owner, without prejudice, of course, to the rights of the person in whose favor the attachment is recorded. See article 71 of the Mortgage Law.

The special prohibition contained in section 9 of the Act to secure the effectiveness of judgments, which we have quoted, also requires that the owner of the attached property shall be specially notified. If such notice is not given and the plaintiff simply records the attachment in the registry, believing that this is sufficient to safeguard his right, the owner of the attached property can proceed under the general laws governing the matter and, consequently, sell said property without being bound to resort to a public auction.

Unless the prohibition to alienate referred to in said section 9 of the Act to secure the effectiveness of judgments appears in the registry, we are of the opinion that the registrar is not empowered to refuse to record a deed setting forth with all the formalities required by law the bargain and sale of real property attached to secure the effectiveness of the judgment which may be rendered in a civil action on the sole ground that the said sale was not made at public auction.

The appeal should be sustained, the decision reversed as regards the part appealed from and the record requested ordered to be entered.

> *Reversed as to part appealed from and record*
> *ordered to be entered.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.